# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9530 | **DATE** | 12/14/2001 |
| **CASE TITLE** | USA ex rel. Richard W. Turner vs. Timothy Budz | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. More than five and one-half years have elapsed since that April 1996 date. But Section 2244(d)(1) and (d)(2), with their much shorter timetable, have long since foreclosed any current effort on Turner's part to obtain Section 2254 relief. That being the case, "it plainly appears from the face of the petition...that the petitioner is not entitled to relief in the district court." (Section 2254 Rule 4). This Court therefore dismisses the Petition summarily (id.). Turner's motion for appointment of counsel is denied as moot. (4-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | DEC 17 2001 | |
| | Notified counsel by telephone. | | date docketed | 5 |
| | Docketing to mail notices. | | Cm | |
| | Mail AO 450 form. | ⊕ | docketing deputy initials | |
| | Copy to judge/magistrate judge. | COPY FOR DOCKETING | 12/14/2001 | |
| SN | courtroom deputy's initials | 01 DEC 14 PM 3: 17 | date mailed notice | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.  )
RICHARD W. TURNER #N-27871,       )
                                  )
                Petitioner,       )
                                  )
     v.                           )      No.   01 C 9530
                                  )
TIMOTHY BUDZ,                     )
                                  )
                Respondent.       )

MEMORANDUM ORDER

Richard Turner ("Turner") has just tendered a Petition for
Writ of Habeas Corpus--Person in State Custody ("Petition"), using
the form provided by this District Court's Clerk's Office for the
institution of such 28 U.S.C. §2254[1] proceedings.  Because the
Petition is so patently out of time, in direct violation of the
statutory provision that governs the permitted timetable for such
proceedings, this Court dismisses the Petition summarily pursuant
to Rule 4 of the Rules Governing Section 2254 Cases in the United
States District Courts ("Section 2254 Rules").

Petition Part I ¶2 states that the conviction about which
Turner complains took place on April 28, 1992, and Petition Part I
¶3 accurately reports that the conviction was affirmed on direct
appeal on February 11, 1993 (an affirmance reported at 241
Ill.App.3d 236, 608 N.E.2d 906 (4th Dist. 1993)).  Although Petition
Part I ¶4 then goes on to refer to an "affirmance" of the
conviction by the Illinois Supreme Court at an unknown date, the

---

[1] All further references to Title 28's provisions will simply
take the form "Section--."

actual disposition at that level was the Supreme Court's June 3, 1993 denial of leave to appeal (reported in the table at 151 Ill.2d 575, 616 N.E.2d 345).

Petition Part II ¶1 describes Turner's post-conviction effort in the state court system as having been denied on October 3, 1993, with that denial having been affirmed on May 18, 1995. Thus the time clock for the institution of any <u>federal</u> habeas actions such as the present one began to tick on April 24, 1996 under the teaching of <u>Lindh v. Murphy</u>, 96 F.3d 856, 865-66 (7th Cir. 1996)(en banc) (<u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>, 521 U.S. 320 (1997)) interpreting the subsequently enacted 1996 Prison Litigation Reform Act.

More than five and one-half years have elapsed since that April 1996 date. But Section 2244(d)(1) and (d)(2), with their much shorter timetable, have long since foreclosed any current effort on Turner's part to obtain Section 2254 relief.

That being the case, "it plainly appears from the face of the petition...that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4). This Court therefore dismisses the Petition summarily (<u>id</u>.).[2]

Milton I. Shadur
Senior United States District Judge

Date:  December 14, 2001

---

   [2]  This disposition moots Turner's motion for appointment of counsel, which he submitted together with the Petition.